**OKLAHOMA DIVISION AAA and Automobile Club of Oklahoma, Appellants,**

**v.**

**The CORPORATION COMMISSION of the State of Oklahoma, and Oklahoma Wrecker Owners' Association, Appellees.**

**No. 47901.**

Supreme Court of Oklahoma.

May 11, 1976.

H. B. Watson, Jr., Gregory L. Mahaffey, Watson, McKenzie & Dunlevy, Oklahoma City, for appellants.

Stephen A. Collinson, Asst. Gen. Counsel, Corp. Commission of Oklahoma, Oklahoma City, for appellees.

Marvin B. York, Oklahoma City, for appellee, Oklahoma Wrecker Owners' Assn.

LAVENDER, Justice:

Oklahoma Wrecker Owners' Association (Owners' Association), one of the named appellees, by application to the Corporation Commission (Commission) on February 20, 1974, sought an order allowing a general increase in wrecker rates, the elimination of free waiting or standby time, and addition of a new scale of rates for wrecker services to heavy vehicles exceeding a certain gross weight. The Commission issued notice of hearing and required publication of the notice for four consecutive weeks as constitutionally required for a proposed general order. Const. Art. 9 § 18. Notice advised the Commission's resulting Order

was not limited to relief requested in the application. The notice ran to "all interested persons," who could appear and be heard.

An evidentiary hearing was held under the published notice on April 30, 1974. Appellants, Oklahoma Division AAA and Automobile Club of Oklahoma, the Oklahoma operating divisions of the American Automobile Association (AAA) did not appear. As a result of this hearing, the Commission entered its Order No. 105245, dated May 15, 1974. The Order in effect amended Oklahoma Wrecker Tariff No. 1 as generally sought in the application. That part of the Order is not an issue in this appeal. The Order also deleted "the exemption for services performed for an approved Association or Automobile Club." May 24, 1974, nine days after the Order, AAA filed an appearance and a petition for rehearing as to the deletion of the Automobile Club exclusion. Commission Order No. 105516, dated May 29, 1974, granted a rehearing to the AAA as to the deletion of the exclusion under Order No. 105245. That hearing was held September 10, 1974, with both the Owners' Association and the AAA appearing. October 7, 1974, the Commission issued its Order No. 107981. It ordered an amendment of the wrecker tariff so as to delete the exclusion from the tariff charges to automobile clubs. AAA now appeals. The Commission waives briefing and stands on the brief of the Owners' Association.

Appellants argue lack of substantial evidence to support the last Order. Only the record at the September, 1974 hearing can be considered. The deletion of the exclusion is unreasonable. AAA argues the last Order is contrary to law for the law can allow different rates to different classes of customers. Here public interest requires exclusion of automobile clubs from the wrecker tariff. AAA argues the last Order is a collateral attack on the Order issued in 1972 which determined the wrecker tariff sought in the original application here to be amended. There is no showing

of a change of conditions. We do not agree with the positions of Appellants.

Statutory regulation of wreckers and towing services is with the Department of Public Safety and the Commission. 47 O.S.1971 §§ 951 et seq. Section 953 provides for licensing and tariffs to be under the jurisdiction of the Commission.

AAA would limit this review to the September 10, 1974, hearing and the evidence there presented. At that hearing, in stating their position it was not contended evidence of the previous hearing of April 30, 1974, could not be considered, but that the prior evidence leading to Order No. 105245 of May 15, 1974, was insufficient to support the deletion of the exemption. AAA then proceeded with evidence showing the services of the organization to its members, its contract wreckers, and its effect on the public as a whole. The organization was cast as non-profit. For one of the motoring public to be a member requires a membership fee or charge. At that hearing, a wrecker owner testified as to the possibility of abuses with an automobile club contract wrecker marking a regular ticket to one of the general motoring public as an automobile club service and charging a lower rate than the tariff allows. The last Order, No. 107981, is shown by the Commission as supplementing Order No. 105245 (May 15, 1974) and No. 105516 (May 29, 1974, granting the AAA a rehearing and staying the deletion of the exclusion).

The issue before the Commission was the proper tariff, including the proper classification and charge, for wrecker and towing services in Oklahoma. It was entitled to consider the entire record as to this issue. This included evidence at the first hearing in April, 1974. On rehearing the issue had been narrowed as to whether the tariff should exclude contract charges by wrecker owners to motor clubs. The Commission had every right to consider the effect of that exclusion on the reasonable charge to the motoring public as a whole, as opposed to members of an automobile club who pay a fee for the privileges of the membership.

We need not determine here sufficiency of the notice to the motor clubs as to the May 15, 1974, Order, No. 105245. Subsequent to this Order, the AAA entered its appearance. It asked for and received a hearing and opportunity to show the Commission the need for its exclusion from the tariff. At that time, it argued the insufficiency of the prior testimony and not that it could not be considered on the issue of the deletion of the exclusion. The Commission determined against the exclusion from the tariff. We do not find that determination to be clearly erroneous. We find it is supported by substantial evidence.

AAA argues its exclusion from the wrecker tariff would not be discriminatory. That is not the issue. We find nothing discriminatory in their inclusion in the tariff.

AAA would require a change of condition from the time a tariff is established to allow the tariff to be modified subsequently. It cites *Phillips Petroleum Co. v. Corporation Commission,* Okl., 461 P.2d 597 (1969). There, it was a final spacing order in an oil and gas conservation matter that was sought to be modified. A change of condition was required so as not to be a collateral attack expressly and statutorily prohibited. 52 O.S.1971, § 111. The subject matter of *Phillips, supra,* was entirely different and was controlled by particular statutes. Here the subject matter is tariffs and rates to be charged. The Commission's statutory power to require tariffs for wrecking services by 47 O.S.1971, § 953 includes its powers over motor carriers as provided in 47 O.S.1971, §§ 161 through 180m unless further excluded in § 953, *supra,* i. e. no need to prove public convenience and necessity. Section 163 requires tariffs with charges being just and reasonable. Subd. (B). In prescribing just and reasonable rates, "the Commission shall give due consideration, *among other factors,* to the need, in the public interest, of adequate and efficient * * * service

* * * at the lowest cost consistent with the furnishing of such service; and to the need of revenues sufficient to enable such carriers to provide such service at a reasonable return to the carrier." (Emphasis added) Subd. (C). The Commission determined for the charges to be just and reasonable to the public as a whole charges to automobile clubs were to be included. We find no legal reason to change that determination.

Affirmed.

WILLIAMS, C. J., HODGES, V. C. J., and DAVISON, IRWIN, BARNES and DOOLIN, JJ., concur.